IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCUS C. HENDERSON,

              Plaintiff,

v.

BAC HOME LOANS SERVICING, LP,
BANK OF AMERICA, N.A., and
MCCALLA RAYMER, LLC,

              Defendants.

CIVIL ACTION NO.
1:10-CV-3137-TCB

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

This case is presently before the Court on Plaintiff Marcus C. Henderson's ("Plaintiff") Application to file this civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) (Docket Entry [1]), Defendants BAC Home Loans Servicing, LP and Bank of America, N.A.'s Motion to Dismiss (Docket Entry [2]), and Defendant McCalla Raymer, LLC's Motion to Dismiss (Docket Entry[ 9]). For the reasons outlined below, Plaintiff's Application to file this action *in forma pauperis* is **GRANTED**. Docket Entry [1]. This Court **RECOMMENDS** that Defendants BAC Home Loans Servicing, LP and Bank of America, N.A.'s Motion to Dismiss be **GRANTED**. Docket Entry [2]. This Court also **RECOMMENDS** that Defendant McCalla Raymer, LLC's Motion to Dismiss be **GRANTED**. Docket Entry [9].

## PLAINTIFF'S APPLICATION TO FILE IN FORMA PAUPERIS

Plaintiff's affidavit of poverty indicates that he is unable to pay the filing fee or incur the costs of these proceedings.  Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Plaintiff's request to proceed *in forma pauperis* **IS HEREBY GRANTED**.  Therefore, this action shall proceed as any other civil action, and Plaintiff shall be allowed to proceed without prepayment of a filing fee.

Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider the frivolity of Plaintiff's Complaint pursuant to 25 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993).  Additionally, a complaint that is grounded on fanciful, delusional, or fantastic allegations is indisputably meritless and consequently, frivolous. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  After considering Defendants' Motions to Dismiss, as set forth below, this Court concludes that Plaintiff's Complaint should be dismissed because it fails to state a claim.

**DEFENDANTS BAC HOME LOANS SERVICING, LP, BANK OF AMERICA N.A.'S, AND MCCALLA RAYMER'S MOTIONS TO DISMISS**

## I.    FACTUAL BACKGROUND

Plaintiff filed the instant lawsuit on September 30, 2010 against Defendants Bank of America, N.A. ("BOA"), BAC Home Loans Servicing, LP ("BAC"), and McCalla Raymer, LLC ("McCalla Raymer").  Docket Entry [1-1].  In his Complaint, Plaintiff asserts that he is the owner of real property at 1880 East Farris Avenue in East Point, Georgia ("the Property").  (Compl. ¶ 12).  Plaintiff alleges that Defendants' claim he obtained a mortgage loan from Countrywide Bank, FSB, and signed an Adjustable Rate Note ("the Note") in the amount of $108,500 for the purchase of the Property.  (Compl. ¶ 17).  Plaintiff does not admit that he agreed to the terms of the Note, purportedly because he believes the Note was procured by "fraud, mutual mistake, no meeting of the minds, and other reasons."  (Compl. ¶¶ 17-18).

Plaintiff also alleges that on October 2, 2007, "an Allonge was attached to the Note, signed by an agent of Countrywide Bank, FSB, which stated:  'Pay to the order of Countrywide Home Loans, Inc. without recourse.'"  (Compl. ¶ 19).  Plaintiff asserts that "[a] Security Deed for the loan, naming Mortgage Electronic Registration Systems, Inc. ('MERS') as 'the grantee . . .' was apparently signed, but not notarized, on October 2, 2007."  (Compl. ¶ 22).  The Security Deed ("the Security Deed") designates MERS as the sole "nominee for Lender and Lender's successors and assigns."  (Compl. ¶ 28).  According to Plaintiff, however, "MERS has never had possession nor ownership of the Adjustable Rate Note dated October 2, 2007" and the Note was not "made out to"

MERS. (Compl. ¶ 27). As a result, Plaintiff claims that "[t]he Note and Deed are split. The Note holder [does not] have the Deed, and the Deed holder is not owed any money." (Compl. ¶ 20). In Count I of Plaintiff's Complaint, he seeks to quiet title against any interests that Defendants BOA and BAC may claim to have in his property on the grounds that they are not the owner or holder of the Note encumbering the Property.

Plaintiff avers that on September 1, 2010, he received a Notice of Foreclosure Sale from McCalla Raymer naming BOA as the creditor. (Compl. ¶ 29). A nonjudicial foreclosure sale was scheduled for the first Tuesday in October, 2010. (Compl. ¶ 31). Plaintiff claims that he timely disputed the notices and claims of debt and demanded verification and validation of the debt. (Compl. ¶¶ 46, 49, 50). Plaintiff further claims that McCalla Raymer and BAC failed to obtain verification and validation of the debt and continued their collection efforts. (Compl. ¶¶ 54, 55). As a result, in Count II of Plaintiff's Complaint, he asserts claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") against Defendants McCalla Raymer and BAC. Plaintiff alleges McCalla Raymer and BAC violated (1) Section 1692f(6) of the FDCPA because they initiated foreclosure proceedings without having a valid enforceable security interest (Compl. ¶ 45); (2) Section 1692e because they used false, deceptive, and misleading representations in connection with their efforts to collect a debt because they attempted to collect a debt that Plaintiff did not owe and falsely represented to McCalla Raymer that BOA is an assignee and owns the Note (Compl. ¶¶ 47-48); and (3) Section 1692f and 1692g because they continued to attempt to collect

a debt and did not validate the debt after Plaintiff disputed the debt (Compl. ¶¶ 49, 51, 54-55).

Plaintiff also contends that BAC made false statements to credit bureaus and failed to alert the credit bureaus about the "excessive amount of debt for which Plaintiff was tricked and deceived into signing." As a result, Plaintiff claims that BAC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") .

Defendants BOA and BAC seek to dismiss Plaintiff's Complaint on the grounds that (1) it is an inadequately pled shotgun pleading; (2) Plaintiff's quiet title claim fails because Plaintiff's Complaint is not verified, does not specify Plaintiff's interest in the land, does not state whether the interest is based on a written instrument or adverse possession, does not include a plat of the survey of the land, or copy of the instruments upon which the adverse interest in the land may be based, Plaintiff lacks standing to assert it because he signed the Security Deed which transferred title to MERS, and Plaintiff has not tendered back the loan proceeds; (3) Plaintiff's FDCPA claim fails because BOA and BAC are not debt collectors and they have a valid enforceable security interest and right to possess in that Plaintiff signed the Security Deed that transferred title to the Property to MERS as nominee for Countrywide; and (4) Plaintiff's FCRA claim fails because Plaintiff does not allege that he disputed the allegedly false information with a consumer reporting agency and that the consumer reporting agencies notified BAC or BOA of the Plaintiff's dispute.

Defendant McCalla Raymer argues that (1) Plaintiff's claims against it should be

dismissed because they are inadequately pled in a shotgun manner; and (2) Plaintiff's FDCPA claims should be dismissed because McCalla Raymer did not engage in debt collection activities as defined by the FDCPA and McCalla Raymer's foreclosure activities comported with the terms of the Security Deed.

## II.   LEGAL ANALYSIS

### A.   Motion to Dismiss Standard

Dismissal for failure to state a claim is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992). Additionally, a complaint must contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, —U.S.—, 129 S. Ct. 1937, 1949 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)). Thus, a complaint, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## B.  Plaintiff's FCRA Claims

Plaintiff claims that BAC violated the FCRA when it made false statements to credit bureaus and failed to alert the credit bureaus about the "excessive amount of debt for which Plaintiff was tricked and deceived into signing." In response, BAC argues Plaintiff's FCRA claim fails because Plaintiff does not allege that he disputed the allegedly false information with a consumer reporting agency and that the consumer reporting agencies notified BAC or BOA of Plaintiff's dispute. Plaintiff does not respond in opposition to BAC's argument. Therefore, Plaintiff has abandoned his FCRA claim and it should be dismissed. Clime v. Sunwest PEO, CNA Claim Plus, Inc., 253 F. App'x 805, 806 (11th Cir. 2007) (holding that because plaintiff raised no argument regarding the court's finding that he failed to state a claim, he abandoned his argument on appeal); Outlaw v. Barnhart, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding that plaintiff waived issue regarding physical exertional impairments despite listing issue in brief where plaintiff "did not elaborate on this claim or provide citation to authority about this claim") (citing Cheffer v. Reno, 55 F.3d 1517, 1519 n. 1 (11th Cir. 1995) (concluding that issue was waived, even though party's brief listed the issue in the statement of issues, because party provided no argument on the merits of the claim).

Even if Plaintiff's FCRA claim had not been abandoned, it would still fail as a matter of law. The FCRA requires that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has

reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The FCRA also requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2(b). Plaintiff brings his claim pursuant to 15 U.S.C. § 1681s-2(b). A consumer has a private right of action against a furnisher of information, for violations of Section 1681s-2(b) if, for instance, the furnisher fails to conduct a reasonable investigation with respect to the disputed information or fails to report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b); Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009). A private right of action against a furnisher only arises under Section 1681s-2(b) after it has received notice of a dispute regarding the allegedly inaccurate information from a consumer reporting agency. Anderson v. EMC Mortg. Corp., 631 F.3d 905, 907 (8th Cir. 2011) (holding that the duties of a furnisher of credit information under 15 U.S.C. § 1681s-2(b) are triggered by notice that its information is being disputed from a CRA, not from the consumer); Peart, 345 F. App'x at 386 (holding that § 1681s-2(b) "can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."); Green v. RBS Nat'l Bank, 288 F. App'x 641, 642-43 (11th Cir. 2008), cert den'd, 129 S. Ct. 929 (2009).

In this case, Plaintiff does not allege that a consumer reporting agency notified BAC that Plaintiff disputed the information BAC reported to a consumer reporting agency. Accordingly, Plaintiff fails to state a claim under Section 1681s-2(b) of the

FCRA. Accordingly, Plaintiff's FCRA claim should be **DISMISSED**. <u>See</u> <u>Peart</u>, 345 F. App'x at 386 (affirming dismissal of Section 1681s-2(b) claim because it did not allege that furnisher failed to conduct an investigation into plaintiff's credit history after being notified of a dispute by a credit reporting agency).

### C.    Plaintiff's FDCPA Claims

Plaintiff claims that McCalla Raymer and BAC violated (1) Section 1692f(6) of the FDCPA because they initiated foreclosure proceedings without having a valid enforceable security interest (Compl. ¶ 45); (2) Section 1692e because they used false, deceptive, and misleading representations in connection with their efforts to collect a debt when they attempted to collect a debt that Plaintiff did not owe and falsely represented to McCalla Raymer that BOA is an assignee and owns the Note (Compl. ¶¶ 47-48); and (3) Section 1692f and 1692g because they continued to attempt to collect a debt and did not validate the debt after Plaintiff disputed it (Compl. ¶¶ 49, 54-55). Defendants BOA and BAC argue that Plaintiff's FDCPA claims fail because BAC is not a debt collector and they have a valid enforceable security interest given that Plaintiff signed the Security Deed that transferred title to the Property to MERS as nominee for Countrywide. Defendant McCalla Raymer argues that Plaintiff's FDCPA claims should be dismissed because it did not engage in debt collection activities as defined by the FDCPA and its foreclosure activities comported with the terms of the Security Deed. Plaintiff argues that Defendants BAC and McCalla Raymer are not creditors and therefore, they could fall within the definition of debt collector.

1.   <u>Plaintiff Fails to State a Section 1692e Claim for Defendants'
Alleged Use of Deceptive Representations While Collecting a Debt
or Sections 1692f and 1692g Claims for Defendants' Alleged
Failure to Validate the Debt and Cease Collection Efforts</u>

This Court finds Plaintiff fails to state claims for violations of Sections 1692e for

Defendants' alleged use of deceptive representations while collecting a debt. Plaintiff

also fails to state claims for violations of Sections 1692f and 1692g for Defendants'

alleged failure to validate the debt and cease collection efforts because BAC and

McCalla Raymer are not debt collectors as defined by the Act for purposes of these

claims.

The FDCPA was passed in 1977 in order to protect consumers from unfair debt

collection practices.  15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to

eliminate abusive debt collection practices by debt collectors . . . [and] to insure that

those debt collectors who refrain from using abusive debt collection practices are not

competitively disadvantaged . . . ."); <u>Acosta v. Campbell</u>, 309 F. App'x 315, 320 (11th

Cir. 2009).  The FDCPA generally precludes "'debt collectors' from making false or

misleading representations and from engaging in various abusive and unfair practices."

<u>Acosta</u>, 309 F. App'x at 320; <u>see also</u> <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995).

Title 15, Section 1692e prohibits *debt collectors* from using false representations

or deceptive means to collect a debt, Section 1692f prohibits *debt collectors* from using

unfair or unconscionable means to collect a debt, and Section 1692g requires that if a

consumer notifies a *debt collector* in writing within the thirty-day period for disputing

the debt that the debt is disputed, the *debt collector* must obtain verification of the debt

10

and cease collection activities.   15 U.S.C. §§ 1692e, 1692f, 1692g(b); Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009). The Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a(6).   The Act also specifies that for purposes of Section 1692f(6) of the FDCPA, the term "also includes any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the enforcement of security interests."   15 U.S.C. § 1692a(6).

While it is clear that BAC and McCalla Raymer could satisfy the definition of debt collector applicable to Section 1692f(6) claims, the definition applicable to Section 1692f(6) claims is not applicable to Plaintiff's Section 1692e, Section 1692g, and the other remaining portions of Plaintiff's Section 1692f claim.   "[I]t is axiomatic that in interpreting a statute, a court must begin with the plain meaning of the statute."   Florida Right to Life, Inc. v. Lamar, 273 F.3d 1318, 1325 (11th Cir. 2001).   Additionally, the interpretive canon of *expressio unios est exclusio alterius*, which provides that the expression of one thing implies the exclusion of another, is applicable to this case.   Id. at 1327.   Thus, the fact that "the statute specifically says that a person in the business of enforcing security interests is a 'debt collector' for the purposes of § 1692f(6), . . . reasonably suggests that such a person is not a debt collector for purposes of the other sections of the Act."   Warren, 342 F. App'x at 460 (also concluding that "if a person

11

enforcing a security interest is not a debt collector, it likewise is reasonable to conclude that enforcement of a security interest through the foreclosure process is not debt collection for purposes of the Act"). Under this reasoning, mortgage servicers and law firms who assist with the nonjudicial foreclosure process are not debt collectors under the FDCPA's general definition of the term debt collector. Id.; Thomson v. Prof'l Foreclosure Corp. of Wash., 86 F. App'x 352, 353 (9th Cir. 2004) (concluding that company hired to pursue foreclosure proceedings was not a debt collector for sections other than Section 1692f(6)); Montgomery v. Huntington Bank, 346 F.3d 693, 700 (6th Cir. 2003) (finding that repossession company was not debt collector because it was enforcing a security interest); Nadalin v. Automobile Recovery Bureau, Inc., 169 F.3d 1084, 1085 (7th Cir. 1999) (noting in passing that the term debt collectors excludes repossessors and other enforcers of security interests); Jackman v. Hasty, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *5 (N.D. Ga. Mar. 8, 2011); Kephart v. Am. Home Mortg., No. 1:10-CV-2660-TWT-GGB, 2011 WL 1085145, at *3 (N.D. Ga. Feb. 23, 2011); Hennington v. Bank of Am., No. 1:10-CV-1350-WSD, 2010 WL 5860296, at *7 n.11 (N.D. Ga. Dec. 21, 2010); Ausar-El v. BAC Home Loan Servicing, L.P., No. 2:10-CV-569-MHT, 2010 WL 5301033, at *4 (M.D. Ala. Nov. 22, 2010) (holding that BAC was not a debt collector); Selby v. Bank of Am., Inc., No. 09-CV-2079-BTM, 2010 WL 4347629, at *2 (S.D. Cal. Oct. 27, 2010); Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, No. 03-3103, 2007 WL 2695795, at *3-5 (D. Minn. Sept. 12, 2007); but see Kaltenbach v. Richards, 464 F.3d 524 (5th Cir. 2006); Wilson v. Draper &

Goldberg, P.L.L.C., 443 F.3d 373, 377 (4th Cir. 2006) (finding that Section 1692a(6)'s inclusion of persons enforcing security interests for purposes of 1692f(6) into the definition of debt collector was for the purpose of including those who *only* enforce security interests in the definition of debt collectors).  Accordingly, because BAC and McCalla Raymer's efforts to enforce the security interest was not debt collection activity, they cannot be held liable for violations of the FDCPA other than Section 1692f(6).  Therefore, Plaintiff's claims pursuant to Section 1692e and Section 1692g should be **DISMISSED**.  Furthermore, to the extent that any of Plaintiff's claims pursuant to Section 1692f are not pursuant to Section 1692f(6), they also should be **DISMISSED**.

      2.    Plaintiff Fails to State a Claim for a Violation of Section 1692f(6)

Plaintiff also alleges BAC and McCalla Raymer violated Section 1692f(6) when they threatened to take nonjudicial action to foreclose on and dispossess him from his property because they allegedly had no valid enforceable security interest and no present right to possession of the Property. Under Section 1692f(6), a debt collector uses unfair and unconscionable means to collect or attempt to collect a debt when it:

> Tak[es] or threaten[s] to take any nonjudicial action to effect dispossession or disablement of property if - -
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). In this case, Plaintiff appears to contend that BOA did not have

an enforceable security interest because (1) the Note was procured by "fraud, mutual mistake, no meeting of the minds, and other reasons"; (2) BOA was not an assignee and it does not own the Note; (3) the Security Deed naming MERS as the grantee was not notarized, on October 2, 2007; and (4) the Note and the Security Deed are split in that the Note holder does not have the Security Deed, and the Security Deed holder is not owed any money. (Compl. ¶¶ 17-18, 20, 22, 27, 28). Plaintiff fails to state a violation of Section 1692f(6) because each of his bases for arguing that the Security Deed was unenforceable fail as a matter of law.

      a.      <u>Fraud, Mutual Mistake, Failure of Meeting of the Minds</u>

This Court finds that Plaintiff's claim that the security deed was unenforceble on the grounds that his note was procured by fraud, mistake, and without a meeting of the minds should be dismissed. This Court notes that Plaintiff has not pled any supporting factual allegations. Fraud claims must be pled with particularity and include not only the who, what, where, and when of the fraud, but also (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time, place, and person responsible for making the statement, (3) the content of such statements and the manner in which these statements misled the plaintiff, and (4) what the defendants gained by the alleged fraud. <u>Am. Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1291-92 (11th Cir. 2010); <u>Tello v. Dean Witter Reynolds, Inc.</u>, 494 F.3d 956, 972 (11th Cir. 2007); <u>Serefex Corp.</u>, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. 2010); Fed. R. Civ. P. 9.

In this case, Plaintiff fails to allege the who, what, and where of the alleged fraud which led to his agreement of the terms of the Note and Security Deed.  Not only does Plaintiff fail to state any fraud claim with particularity, his allegations concerning mistake and no meeting of the minds also fail to meet minimal pleading standards because of Plaintiff's failure to include any supporting factual allegations.  Thus, Plaintiff's Complaint does not contain specific factual matter, accepted as true, to state a claim for relief that is plausible on its face, that  suggests the required elements of the claim, and raises a right to relief beyond the speculative level.  Ashcroft v. Iqbal, —U.S.—, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); see also Byrne v. Nezhat, 261 F.3d 1075, 1114-15 (11th Cir. 2001) (striking as frivolous fraud claim which omitted to include any facts tending to show the defendants intentionally misrepresented facts upon which plaintiff relied to her detriment or that plaintiff was harmed by such acts of deception).  Therefore, Plaintiff's claim that Defendants did not have an enforceable security interest in the Property because the Security Deed and/or Note was procured through fraud, mistake or a lack of meeting of the minds is too poorly pled to state a claim.

### b.    Lack of Assignment of Note to BAC

Plaintiff's argument that BAC had no authority to foreclose on his home because the beneficial security interest in the Property has not been assigned to BAC also fails as a matter of law.  Plaintiff does not make any specific allegations about assignment of

the Security Deed in his Complaint. Plaintiff does aver that he obtained a mortgage loan from Countrywide Bank, FSB ("Countrywide"), but the Note was never transferred or assigned. (Compl. ¶¶ 17-19, 26). Plaintiff points out that the Security Deed for the loan named Mortgage Electronic Registration Systems, Inc. ("MERS") as the grantee, and not BAC or BOA. (Compl. ¶ 22). McCalla Raymer, however, has filed a copy of a recorded assignment showing the assignment from MERS to BAC.

Georgia law freely allows assignments of interests in security deeds prior to a foreclosure sale. O.C.G.A. § 44-14-162. An assignee of an original grantor in a security deed may exercise the power of sale contained in the security deed. O.C.G.A. § 23-2-114; In re Cummings, 173 B.R. 959, 962 (Bankr. N.D. Ga. 1994), aff'd Cummings v. Anderson, 112 F.3d 1172 (11th Cir. 1997). All transfers of a deed to secure debt shall be in writing, shall be signed by the grantee, or if the deed has been previously transferred, by the last transferee, and shall be witnessed as required for deeds. In re Cummings, 173 B.R. at 962. The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located. O.C.G.A. § 44-14-162. Thus, an assignee of a note and security deed cannot foreclose upon the security until there has been an actual, valid, and recorded assignment of the security instrument. O.C.G.A. § 44-5-30; In re Cummings, 173 B.R. at 962; Cary v. Guiragossian, 270 Ga. 192, 194 (1998). O.C.G.A. § 44-14-64, however, specifies circumstances under which a financial institution having deposits

16

insured by a federal agency, who regularly purchases or services residential real estate loans aggregating to a minimum of one million dollars, need not record the transfer of a deed to secure debt. O.C.G.A. § 44-14-64; Frank S. Alexander, Georgia Real Estate Finance and Foreclosure Law § 5:3 (2011) ("Transfers of security deeds by large mortgage lenders need not be recorded in order to preserve priority status, but such transfers are bound by a cancellation or modification of the security deed by the holder of record.").

In this case, Defendant McCalla Raymer argues BAC has the right, as the present holder of the Security Deed pursuant to an assignment, to foreclose on the Property. In support, Defendant McCalla Raymer presents a copy of an assignment, assigning Plaintiff's Security Deed from MERS to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP.   Docket Entry [9-3].   Defendant McCalla Raymer asks the Court to take judicial notice of the assignment.   The copy of the assignment indicates that it was executed on July 31, 2010, witnessed and notarized, and recorded on September 27, 2010, only three days before Plaintiff filed the instant lawsuit.   Docket Entry [9-3].   Plaintiff alleges that the foreclosure sale was scheduled for only a few days later on October 5, 2010. (Compl. ¶ 1). In response, Plaintiff does not question the authenticity of the assignment and acknowledges that this Court is entitled to take judicial notice of public records, but argues that this court "must presume that the allegations of the Complaint are true, even when the contents of a public record contradict the allegations of the Complaint." Docket Entry [13], p. 2. As

a result, Plaintiff argues that taking the factual allegations of the Complaint as true, the Court cannot conclude that BAC is "the present holder of the Security Deed pursuant to the Assignment." Docket Entry [13], p. 4.

As Plaintiff has acknowledged, this Court may take judicial notice of public records when considering a Motion to Dismiss. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999); Rabago v. Deutsche Bank Nat'l Trust Co., No. 5:10–CV–01917–JST (DTBx), 2011 WL 2173811, at *2 (C.D. Cal. June 1, 2011) (taking judicial notice of recorded security deed and assignment); Letvin v. Amera Mortg. Corp., No. 10–00539 JMS/KSC, 2011 WL 1603635, *1 n.2 (D. Haw. Apr. 27, 2011) (taking judicial notice of mortgage, note, assignment and other documents because they were public documents and plaintiff offers no explanation as to why the exhibits are in dispute). Given that Plaintiff has not questioned the authenticity of the assignment McCalla Raymer filed with its Motion to Dismiss, this Court may take judicial notice of the document.

Plaintiff, however, argues that because the contents of the assignment contradict the allegations of his Complaint, this Court cannot take judicial notice of the contents of the assignment. Although Plaintiff does not cite authority for this proposition, in Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999), the Eleventh Circuit held that when considering a motion to dismiss in a securities fraud case, a court may take judicial notice of a company's SEC filing (a public record) for the purpose of determining what statements the documents contain but not to prove the veracity of

statements within the SEC filing. <u>Bryant</u>, 187 F.3d at 1281. In that case, at issue was whether or not a company fraudulently failed to disclose certain problems that would negatively affect the company's stock price. <u>Bryant</u>, 187 F.3d at 1274. There, the defendant company offered SEC filings in support of its defense to a motion to dismiss for the purpose of showing that they included cautionary statements in their SEC filings. <u>Bryant</u>, 187 F.3d at 1276. Thus, in that case, the SEC documents were relevant only to show what cautionary statements the SEC documents contained and not to determine the truth of the matters asserted in the documents. <u>Bryant</u>, 187 F.3d at 1278 n.10.

In this case, judicial notice of the assignment is proper because this Court is only noting that the document is a recorded assignment of the Security Deed for the Property from MERS to BAC. Although Plaintiff makes a nonspecific objection about the contents of the assignment, Plaintiff does not explain what statements within the assignment should not be taken as true, does not explain why the Court should not trust the authenticity of the assignment, and does not explain why the document is not what it purports to be, a recorded assignment of the Security Deed. Additionally, Plaintiff does not explain how the Complaint contradicts the assignment document. The assignment document purports to be an assignment of the Security Deed, and Plaintiff did not make any unambiguous statements about the assignment of the Security Deed in his Complaint. Additionally, although Plaintiff is correct that *well-pleaded* factual allegations within a Complaint are to be taken as true for purposes of a motion to dismiss, "conclusory allegations, unwarranted deductions of facts or legal conclusions

19

masquerading as facts will not prevent dismissal." Christopher v. Harbury, 536 U.S. 403, 406 (2002); Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004). Indeed, a district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth–legal conclusions must be supported by factual allegations. Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010); American Dental Ass'n v. Cigna, 605 F.3d 1283, 1290 (11th Cir. 2010).

Here, Plaintiff's allegations which may arguably pertain to an assignment of the Security Deed are unadorned, ambiguous legal conclusions and are not entitled to a presumption of truth. Plaintiff's allegations are simply that (1) "the Note was never transferred and assigned"; (2) "Defendants have no valid enforceable security interest and no present right to possession of the Property"; (3) BAC "falsely represented to McCalla Raymer, LLC and to Plaintiff that Bank of America, National Association is an assignee and that it owns the Note"; and (4) "FDCPA Defendants' fraudulent scheduling of a nonjudicial foreclosure sale, when Bank of America, National Association was not the assignee and does not own the Note, is essentially an attempt to collect a debt which is not owed to FDCPA Defendants." (Compl. ¶¶ 26, 45, 47, 48, 51). Plaintiff's Complaint does not include any factual allegations which would support the aforementioned legal conclusions. Moreover, while Plaintiff avers that the *Note* was never assigned, Plaintiff does not state that the *Security Deed* was never assigned. Accordingly, this Court concludes that it is proper to take judicial notice of the assignment. See White v. BAC Home Loans Servicing, L.P., No. 4:10–CV–2137 CAS,

2011 WL 1483919, at *6 n.6 (E.D. Mo. Apr. 19, 2011) (judicially noticing assignment over plaintiff's objection that the complaint alleges that there was no assignment because the plaintiff did not dispute or even acknowledge the evidence of the assignment and failed to respond in any meaningful way as to defendants' arguments regarding the validity of the assignment); Manuel v. Discovery Home Loans, LLC, No. C 10-01185 JSW, 2010 WL 2889510, at *2 (N.D. Ca. July 22, 2010) (judicially noticing assignment and other documents over plaintiff's general objection).  Furthermore, Plaintiff fails to provide any factual context for his legal conclusion that the Note was never assigned.  Therefore, because the recorded assignment shows that MERS did assign its interest in the Security Deed to BAC and BAC is the party who initiated foreclosure proceedings,[1] Plaintiff's claim that Defendants' security interest was unenforceable because the interest had never been assigned to BAC fails to state a claim.

### c.   Deed Not Notarized

Plaintiff also appears to claim that BAC did not have an enforceable security instrument because the Security Deed was signed but not notarized.  (Compl. ¶ 22).  BAC and BOA point out that the face of the Security Deed evidences that the Security Deed was executed by Plaintiff, witnessed, and notarized.  (Def.'s Br. p. 5 (Docket Entry

---

[1] See Docket Entry [9-3] (September 1, 2010 letter from McCalla Raymer to Plaintiff providing notice that BAC, as attorney in fact for Plaintiff, would exercise the Security Deed's provision allowing foreclosure sale).  Although Docket Entry [9-3] is a matter outside the pleadings, it may be considered on the motion to dismiss because it is central to Plaintiff's FDCPA claim and is referenced in the Complaint. See Compl. ¶ 29; Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999).

[2-1]).  Plaintiff does not respond to Defendants' argument.  Defendant McCalla Raymer

has filed a copy of the recorded Security Deed.  Although technically a matter outside

the pleading, this Court may consider the Security Deed in connection with Defendants'

Motions to Dismiss because the Security Deed is referenced in the Complaint, is central

to Plaintiff's claim, and Plaintiff has not disputed the authenticity of the Security Deed.

Horsley v. Felt, 304 F.3d 1125, 1135 (11th Cir. 2002); Watkins v. Beneficial, HSBC

Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *1 (N.D. Ga. Sept. 2,

2010) (concluding that Security Deed could be considered on motion to dismiss because

it was central to the plaintiff's claim).  It is also appropriate for this Court to take

judicial notice of it.  Rabago, 2011 WL 2173811, at *2 (taking judicial notice of

recorded security deed and assignment).  This Court observes that the recorded Security

Deed was notarized.  Docket Entry [9-2], pp. 9-11.  Accordingly, Plaintiff's claim that

the Security Deed was unenforceable because it was not notarized fails as a matter of

law.

### d.   Split Note and Security Deed

Similarly, Plaintiff's allegation that the Note and Security Deed are split does not

state a claim that BAC did not have an enforceable security interest.  Plaintiff appears

to argue  that in order for an entity to proceed with a foreclosure sale, it must possess

both the note and the security deed.  Plaintiff avers that the foreclosing entity, in this

case BAC, cannot possess both the Note and the Security Deed because he obtained a

mortgage loan from Countrywide Bank, FSB ("Countrywide") and an allonge attached

to the Note provided for payment of the Note to Countrywide. (Compl. ¶¶ 17-19). Plaintiff claims that the Note was never transferred and assigned. (Compl. ¶ 26). Although Plaintiff acknowledges that the Security Deed was signed naming MERS as the grantee on October 2, 2007, Plaintiff claims that MERS never had possession or ownership of the Note, which was made out to Countrywide. (Compl. ¶ 27).

McCalla Raymer argues that the terms of the Security Deed allow BAC to foreclose on the Property in the event of a default by Plaintiff because they establish BAC's right as the present holder of the Security Deed pursuant to the assignment to foreclose on the Property. McCalla Raymer further contends that the plain language of the Security Deed and assignment allow the separation of the Note and Security Deed and that there is nothing within Georgia law prohibiting the Note being held by the lender while MERS and its assigns exercise the right to foreclose and sell the Property.

Plaintiff has failed to present any legal authority for the proposition that an entity cannot proceed with a foreclosure sale if it does not possess both the promissory note and the security deed. Furthermore, Plaintiff's argument has been repeatedly rejected by district courts within Georgia. See Jackman v. Hasty, No. 1:10-CV-2485, 2011 WL 854878, at *4 (N.D. Ga. Mar. 8, 2011); Brown v. Fed. Nat'l Mortg. Assoc., No. 1:10-CV-3289, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011); LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5 (N.D. Ga. Jan. 18, 2011); Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010);

Moreover, Plaintiff's argument is foreclosed by the terms of the Security Deed. Under Georgia law, a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies. Gordon v. S. Cent. Farm Credit, ACA, 213 Ga. App. 816, 817 (1994); Kennedy v. Gwinnett Comm'l Bank, 155 Ga. App. 327, 330-31 (1980); see also, e.g., Brown, 2011 WL 1134716, at *6; LaCosta, 2011 WL 166902, at *5-6. In this case, the Security Deed transfers the power of sale to "MERS, *solely* as nominee for Lender and Lender's successors and assigns and the successors and assigns of MERS." Docket Entry [9-2], pp. 3-4. As argued by McCalla Raymer, Plaintiff agreed that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any and all of the interests [granted by Borrower in the Security Deed], including, but not limited to, the right to foreclose and sell the Property . . . ." Docket Entry [9-2], pp. 3-4.    Thus, Plaintiff unequivocally granted MERS the power to sell his Property if he was not able to comply with the terms of the Note. Brown, 2011 WL 1134716, at *6; Jackman, 2011 WL 854878, at *3. Moreover, the Security Deed recognizes that the Note is held by the Lender, but nonetheless expressly grants MERS and its assigns the right to foreclose and sell the Property. Docket Entry [9-2], pp. 3-4. Thus, the Security Deed discloses no intent on the part of Plaintiff to restrict MERS or its assigns from selling the Property if the Note and Security Deed were not in the possession of the same entity. MERS subsequently assigned this bundle of rights to BAC, and BAC initiated foreclosure sale proceedings. Docket Entry [9-3]. Accordingly, Plaintiff's claim that Defendants had

no enforceable security interest for the Property because the Note and Security deed were split fails as a matter of law.  Because Plaintiff has failed to state a claim that Defendants had no enforceable security interest, Plaintiff's Section 1692f(6) claim that the foreclosing party initiated foreclosure proceedings when it had no enforceable security interest also fails as a matter of law.  Accordingly, Plaintiff's Section 1692(f)(6) claims should also be **DISMISSED**.

## D.   **Plaintiff's Quiet Title Claim**

Defendants BOA and BAC argue that Plaintiff's effort to quiet title to the Property fails because Plaintiff has failed to meet statutory requirements for bringing a quiet title action, Plaintiff's claims upon which the quiet title claim is based are without merit, Plaintiff lacks standing to bring a quiet title claim because the Security Deed that he signed transferred title of the Property to MERS, and Plaintiff cannot avail himself of an equitable remedy because he has not tendered back the loan proceeds.  Plaintiff does not respond to Defendants' argument.  This Court finds that Plaintiff has no standing to assert a quiet title action.  A quiet title action is intended to remove a cloud on a plaintiff's title to land.  O.C.G.A. § 23-3-40; Cunningham v. Gage, 301 Ga. App. 306, 308 (2009).  In order to bring a quiet title action, "the plaintiff must assert that he holds some current record title or current prescriptive title . . . . Otherwise, he possesses no title at all, but only an expectancy." Cunningham, 301 Ga. App. at 308 (holding that because the plaintiffs did not assert that they had title to the property, they had no standing to maintain a quiet title action).

In this case, because Plaintiff transferred his title to the Property to MERS, he no longer has legal title in the Property, until he repays his loan and his lender cancels the Security Deed. See Docket Entry [9-2], p. 3 (acknowledging that the Property is unencumbered and that plaintiff has the right to grant and convey the Property); p. 2 (explaining that MERS holds legal title to the interests granted by the borrower in the Security Deed including to have and hold the Property and all the improvements erected on the Property); p. 9 (providing that "[t]his conveyance is to be construed . . . as a deed passing title, and not as a mortgage" and "[u]pon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument"); see also McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000) (observing that legal title to real property passes to the lender from the borrower when the deed to secure debt was created, borrower merely had an equity of redemption and a right of possession until the secured debt had been satisfied in full, and therefore borrower had no legal title to the property); In re Rivermist Homeowners Ass'n, 244 Ga. 515, 518 (1979); Todd v. Morgan, 215 Ga. 220, 223 (1959); Thomas v. Stedham, 208 Ga. 603, 606 (1952) ("Before the grantor in a security deed would become reinvested with title, he must pay or offer to pay the debt for which the security deed was given"); contrast Shirley v. Shirley, 209 Ga. 366 (1952) ("A grantor in a deed absolute in form, but made to secure a debt, who remains in possession of the land conveyed, may, upon the payment of the debt, have the deed canceled as a cloud on his title."). Because Plaintiff has not alleged that he has paid his Note in full, he does not hold the title for the Property, and he has

26

no legal right to institute quiet title proceedings. Cunningham, 301 Ga. App. at 308; Thomas, 208 Ga. at 605-06 (holding that because decedent had granted a deed to secure debt to another, decedent's heirs did not have legal title to the property, legal title had passed to another, and decedent's heirs could not maintain quiet title action). Even if Plaintiff had legal title to the Property and could pursue a quiet title claim, his claim would still fail as a matter of law because as discussed above, Plaintiff has not stated that BAC's security interest was unenforceable. Accordingly, Plaintiff's quiet title claim should be **DISMISSED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to file his action *in forma pauperis* is **GRANTED**. Docket Entry [1]. This Court **RECOMMENDS** that Defendants BAC Home Loans Servicing, LP and Bank of America, N.A.'s Motion to Dismiss be **GRANTED**. Docket Entry [2]. This Court also **RECOMMENDS** that Defendant McCalla Raymer, LLC's Motion to Dismiss be **GRANTED**. Docket Entry [ 9]. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 27th day of June, 2011.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCUS C. HENDERSON,

      Plaintiff,

v.

BAC HOME LOANS SERVICING, LP,
BANK OF AMERICA, N.A., and
MCCALLA RAYMER, LLC,

      Defendants.

CIVIL ACTION NO.
1:10-CV-3137-TCB

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted

as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983), <u>cert. denied</u> 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this  27th  day of June, 2011.


s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE